**RISSMILLER PLLC**
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

May 15, 2025

**VIA ECF**

Hon. Philip M. Halpern, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

> Application granted. The Court will hold an in-person discovery conference on June 9, 2025 at 11:00 a.m. in the White Plains Courthouse in a courtroom to be determined.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        May 16, 2025

Re:   Gonzalez v. Baxter Property Management Corp. et al.; No. 7:24-cv-07746-PMH

Dear Judge Halpern:

We represent Plaintiff Rosaura Gonzalez and write jointly with defense counsel to request an informal conference under Your Honor's Individual Practice 4(D). Plaintiff seeks an order compelling Defendants to (1) produce documents relating to her disability-discrimination claims, (2) search for and produce responsive ESI, and (3) disclose the ESI search terms, custodians, and time frame used. Before seeking the Court's intervention, we conferred with defense counsel on April 17, 2025, and through subsequent written correspondence.

**I.   Plaintiff's Position**

In Defendants' February 14, 2025 response to Plaintiff's initial discovery requests, Defendants improperly object to numerous relevant requests and fail to state whether responsive material is being withheld. *See* Exhibit 1. On April 17, 2025, Plaintiff sent Defendants a deficiency letter. Exhibit 2. Defendants responded but refused to amend their responses or provide responsive documents. Exhibit 3.

Defendants responded to numerous requests with boilerplate objections, such as "overbroad," and "vague and ambiguous" in violation of Rule 34. *See* Exhibit 1 ¶¶ 5, 8, 10, 12, 13, 15, and 16; Fed. R. Civ. P. 34(b)(2)(B) (requiring that a party "state *with specificity* the grounds

for objecting") (emphasis added). Because Defendants have declined to amend their responses, the Court should deem their boilerplate objections a waiver of all objections.[1]

Defendants further violate the Federal Rules by interposing specific objections to several requests that are relevant to Plaintiff's claims and Defendants' defense. *See* Exhibit 1 ¶¶ 8, 17, 18, 19 and 21; Fed. R. Civ. P. 26(b)(1). Some of Defendants' specific objections to relevant requests also narrowly interpret terms to avoid disclosure in contravention of Rule 37.[2] For instance, Defendants object to Document Request Number 8 and other medical-related requests by stating that the terms "disability" and "medical condition" are "vague and ambiguous" and that the request "requires a legal determination." Exhibit 1 ¶¶ 8, 17 and 18. No legal determination is necessary: Defendants have already acknowledged Plaintiff's medical condition and accommodation requests in their EEOC response. *See* Exhibit 4 at 2 (noting that the company allegedly delayed Plaintiff's termination "after it learned of Gonzalez's cancer diagnosis [,] to accommodate her treatment").

Moreover, Defendants fail to "state whether any responsive materials are being withheld on the basis of th[ose] objection[s]." Fed. R. Civ. P. 34(b)(2)(C). This practice obscures whether any documents or information produced represents a complete or only partial response to each request, the precise situation Fed. R. Civ. P. 34(b)(2)(C) was amended to avoid. *See* Fed. R. Civ. P. 34(b)(2)(C) Advisory Committee's Note (2015). The Court should therefore order Defendants to amend their responses "to clearly indicate whether responsive material is being withheld on the basis of objection." *Fischer*, 2017 WL 773694, at *3.

---

[1] *See Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. February 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections …").

[2] *See* Advisory Notes to the 1993 amendments to Fed. R. Civ. P. 37 ("[R]equests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a).").

Defendants likewise refuse to produce documents concerning disability-related requests and complaints by other employees. This discovery is especially relevant where, as here, it concerns the same decision makers involved in Plaintiff's termination.[3]

Finally, Plaintiff asks the Court to compel Defendants to search for, and produce, responsive ESI, by May 23, 2025, so that Plaintiff can review the materials and comply with the June 16, 2025 deposition deadline. Although Defendants agreed to consult with Plaintiff's counsel on search terms, provide an initial hit report during the meet-and-confer, and reiterated that commitment in their April 29 letter (Exhibit 3), they have yet to produce any ESI discovery.

## II. Defendants' Position on Discovery

Defendants' responses to Plaintiff's discovery demands are proper and do not require amendment. Counsel for Defendants made this clear to Plaintiff's attorneys' during the parties' meet and confer call on April 17th. According to Federal Rule of Civil Procedure 34(b)(2)(B), a responding party "must *either* state that inspection and related activities will be permitted as requested *or state with specificity the grounds for objecting to the request, including the reasons.*" *See* Fed. R. Civ. P. 34. Further, Federal Rule of Civil Procedure 26(b)(1) explains that parties may obtain discovery of *nonprivileged* matters that are *relevant* to a party's claim or defense and *proportional to the needs of the case*, however; the need for discovery must be balanced against the economics of the case.

Defendants are entitled to object to irrelevant, disproportional discovery requests. In this case, Defendants objected and responded to RFP numbers 8, 17, 18, 19, and 21 and explained the

---

[3] *See O'Rear v. Diaz*, No. 24-CV-1669, 2024 WL 4903722, at *2 (S.D.N.Y. Nov. 27, 2024) (compelling production of complaints by other employees of Defendant from "two years before [plaintiff's] employment through its end" because "complaints predating [plaintiff's] employment could prove relevant to her claims"); *Max Torgovnick v. SoulCycle, Inc.*, No. 17-CV-1782, 2018 WL 5318277, at *4 (S.D.N.Y. Oct. 29, 2018) (compelling production of documents relating to disability discrimination complaints by other employees against the supervisors with whom Plaintiff interacted because the documents "would be probative of discriminatory intent").

...

reasoning for each objection.[4] Therefore, Defendants properly objected to the RFP with which Plaintiff takes issue.

Further, Defendants did not rely on boilerplate objections in response to Plaintiff's RFP. Defendants responded to a majority of the requests by producing relevant documents and identifying the corresponding bate-stamped pages. While Defendants objected to several requests, Defendants still produced relevant documents in response to those requests.

Defendants did not produce documents in response to a handful of requests because the requested document does not exist and Plaintiff assumed inaccurate facts, which Defendants specifically noted in their responses. Defendants confirmed for Plaintiff's counsel during the meet-and-confer call and in subsequent correspondence, that no existing documents were withheld based on Defendants' stated objections.

As a result, Defendants' responses do not require amendment because Plaintiff either received the relevant document or a specific objection detailing why the document could not be produced.

Plaintiff's attorneys generically complain about Defendants' objections based on ambiguity and breadth, but they have not explained why they believe any specific objection is improper, nor have they offered to revise or narrow their requests, despite Defendants' counsel asking them to do so. Request No. 8, which requests, "[a]ll documents and communications concerning or referring to Plaintiff's disability, medical condition, or request for medical leave" is a perfect example. Defendants objected to that request, in part, on the grounds that it requires a legal determination regarding the extent to which Plaintiff's medical condition qualifies as a

---

[4] Specifically: (i) Defendants responded to request no. 8 by producing responsive documents; (ii) request nos. 17 and 18 were duplicative and sought information requested in request no. 8, thus Defendants directed Plaintiff to the relevant pages of its document production; and (iii) Defendants objected to request nos. 19 and 21 because they sought documents relating to events that *did not* occur, and in turn Defendants could not produce responsive documents.

4

disability. Yet, Plaintiff has not explained in the meet and confer call or in this letter why she uses the disjunctive words "disability" (a defined term under the Americans with Disabilities Act) <u>or</u> "medical condition," nor how documents related to "medical leave" might be different.

Importantly, on April 29, 2025, Defendants sent Plaintiff a letter confirming the remaining action items following the meet-and-confer and responding to Plaintiff's deficiency letter. In that letter, Defendants informed Plaintiff that no documents are being withheld in discovery and that search terms used to conduct ESI discovery would be provided. Defendants are working with an e-discovery vendor to collect data and expect to have the complete data set by May 20th. Defendants will provide Plaintiff with their proposed search terms once Defendants have the data in-hand and an understanding of the volume. Plaintiff's threatened motion to compel on this issues is premature and unwarranted.

Also, Defendant Baxter Property did not rely on boilerplate objections in response to Plaintiff's interrogatories. While Baxter Property objected to a majority of the interrogatories to preserve its objections, it still responded by providing relevant information. Indeed, Defendant responded to 14 out of 22 interrogatories by providing the information sought or directing Plaintiff to the documents where the information can be found. Baxter Property did not provide the information sought in some of the interrogatories because the information requested was either protected by the attorney work-product doctrine or attorney-client privilege, or was neither relevant nor proportional to the needs of the case.

Respectfully submitted,

<u>/s/ Alex Rissmiller</u>
Alex Rissmiller
Jazly Liriano